UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

HEATHER L. HENSLEY,

        Plaintiff,

v.

ANDREW M. SAUL,
Commissioner of the Social Security
Administration,

        Defendant.

CAUSE NO. 2:20-CV-123 DRL

## OPINION AND ORDER

Heather L. Hensley appeals from the Social Security Commissioner's final judgment denying her disability insurance benefits and supplemental security income. Ms. Hensley requests remand of her claim for further consideration. Having reviewed the underlying record and the parties' arguments, the court grants Ms. Hensley's request for remand (ECF 1) and remands the Commissioner's decision.

## BACKGROUND

Ms. Hensley suffers from a variety of physical and mental health impairments. Ms. Hensley's severe physical impairments include chronic pain, degenerative disc disease, status-post cervical fusion, degenerative disc disease of the lumbar spine, history of carcinoma of the kidney with right radical nephrectomy, migraines, and chronic obstructive pulmonary disease (COPD) [ECF 14, Rec. 18]. Ms. Hensley also suffers from the non-severe physical impairments of obesity and hypertension [*Id.*]. Ms. Hensley also suffers from the severe mental impairments of major depressive disorder and anxiety disorder [*Id.*]. Ms. Hensley has earned both an associate's and a bachelor's degree and has past relevant work as a title clerk. [*Id.* at 26, 45].

Ms. Hensley filed Title II and Title XVI applications for benefits on July 5, 2016 and August 2, 2016 respectively, alleging disability beginning January 26, 2016 [*Id.* at 15]. They were denied initially

on December 29, 2016, and again upon reconsideration on June 15, 2017 [*Id.*]. Her claims were heard by an Administrative Law Judge (ALJ), ALJ Charles Thorbjornsen, in a hearing on September 27, 2018 [*Id.*]. In a February 26, 2019, decision, the ALJ denied Ms. Hensley's petition on the basis that she could not show that she was disabled as defined by the Social Security Act [*Id.* at 27].

The ALJ found that Ms. Hensley has the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. §§ 404.1567(b) & 416.967(b) with the following limitations: the claimant can lift and/or carry 20 pounds occasionally and 10 pounds frequently; can push and pull as much as she can lift and carry: and can sit, stand, and walk for 6 hours in an 8-hour workday [*Id.* at 21]. The claimant cannot perform bilateral overhead reaching, can occasionally climb ramps and stairs as well as ladders, ropes, or scaffolds, and can occasionally balance, stoop, kneel, crouch, and crawl [*Id.*]. The claimant can have no concentrated exposure to unprotected heights, moving mechanical parts, or dusts, odors, fumes, and other pulmonary irritants [*Id.*]. The claimant is limited to simple, routine tasks, and can occasionally interact with supervisors and coworkers [*Id.*]. Interaction with the general public would be limited to occasional brief and superficial contact defined as no lower than an 8 in terms of the 5th digit of the DOT Code [*Id.*]. The ALJ found that Ms. Hensley could not perform any of her past relevant work [*Id.* at 26]. However, the ALJ found that she could perform a significant number of jobs in the national economy [*Id.* at 27]. This decision became final when the Appeals Council denied Ms. Hensley's request for review [*Id.* at 1].

## STANDARD

The court has authority to review the Council's decision under 42 U.S.C. § 405(g); however, review is bound by a strict standard. Because the Council denied review, the court evaluates the ALJ's decision as the Commissioner's final word. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). The ALJ's findings, if supported by substantial evidence, are conclusive and nonreviewable. *See Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2008). Substantial evidence is that evidence which "a reasonable

2

mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and may well be less than a preponderance of the evidence, *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007) (citing *Richardson*, 402 U.S. at 401). If the ALJ has relied on reasonable evidence and built an "accurate and logical bridge from the evidence to conclusion," the decision must stand. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). Even if "reasonable minds could differ" concerning the ALJ's decision, the court must affirm if the decision has adequate support. *Simila v. Astrue*, 573 F.3d 503, 513 (7th Cir. 2009) (quoting *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008)).

## DISCUSSION

When considering a claimant's eligibility for disability benefits, an ALJ must apply the standard five-step analysis: (1) is the claimant currently employed; (2) is the claimant's impairment or combination of impairments severe; (3) do her impairments meet or exceed any of the specific impairments listed that the Secretary acknowledges to be so severe as to be conclusively disabling; (4) if the impairment has not been listed as conclusively disabling, given the claimant's residual function capacity, is the claimant unable to perform her former occupation; (5) is the claimant unable to perform any other work in the national economy given her age, education, and work experience. 20 C.F.R. § 404.1520(a)(4); *Young v. Secretary of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). The claimant bears the burden of proof until step five, where the burden shifts to the Commissioner to prove that the claimant can perform other work in the economy. *See Young*, 957 F.2d at 389.

Ms. Hensley challenges the ALJ's conclusion that she is not totally disabled. She advances three arguments: (1) the ALJ erred in Ms. Hensley's RFC determination; (2) the ALJ erred in weighing medical opinion evidence; and (3) the ALJ erred in the subjective symptom analysis.

The ALJ determined that Ms. Hensley could perform light work with a number of limitations [ECF 14, 21]. Ms. Hensley asserts that the ALJ failed to consider her non-severe impairment of obesity when formulating the RFC.

3

The RFC is a measure of what an individual can do despite the limitations imposed by her impairments. *Young v. Barnhart*, 362 F.3d 995, 1000 (7th Cir. 2004). The RFC determination is a legal decision rather than a medical one. *See Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing' basis means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 SSR LEXIS 5, 1 (July 2, 1996). In determining the RFC, the ALJ must consider all medically determinable impairments, mental and physical, even those that are non-severe. 20 C.F.R. § 404.1545(a)(2); *see also Craft*, 539 F.3d at 676.

Ms. Hensley says the ALJ didn't discuss or analyze how her obesity, in combination with her other impairments, might affect her RFC. The ALJ found that Ms. Hensley's obesity was non-severe because it has "not caused more than minimal limitation in the ability to perform basic work activities for 12 consecutive months" [ECF 14, 18]. There is no other discussion in the opinion regarding her obesity.

An ALJ must "consider the exacerbating effects of a claimant's obesity on her underlying conditions (even if the obesity is not itself a severe impairment) when arriving at a claimant's RFC." *Hernandez v. Astrue*, 277 Fed. Appx. 617, 623-24 (7th Cir. 2008). Even when a claimant doesn't explicitly list obesity as an impairment in her application for disability, the ALJ still must evaluate how obesity impacts the claimant's overall condition when the ALJ is aware that obesity could be a relevant factor. *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000); *see also* 20 C.F.R. § 404.1512(a) (stating that an ALJ need only consider impairments about which he receives evidence.). Here, the ALJ knew about Ms. Hensley's obesity and listed it as a non-severe impairment.

Ms. Hensley was noted to have a body mass index (BMI) of 31.9-35.7 throughout the medical record [ECF 14, 419, 422, 424, 426, 430, 640, 648, 652, 655, 657, 663, 811, 818, 833, 838, 842, 845, 1061, 1186, 1214, 1242, 1311, 1316, 1321, 1326, 1330, 1336, 1341, 1346, 1349, 1354, 1357, 1362, 1413

4

& 1420]. Obesity is defined as a BMI of 30.0 or higher. SSR 02-1p, 2002 SSR LEXIS 1 (Sept. 12, 2002).[1] There is no evidence that the ALJ considered the effect of Ms. Hensley's obesity on her overall condition, including with regards to her degenerative disc disease, status-post cervical fusion, degenerative disc disease of the lumbar spine, and chronic obstructive pulmonary disease (COPD).

The law requires an ALJ to consider the credibility of a claimant's narrative of her limitations if her obesity would have an effect on those limitations. *Gentle v. Barnhart*, 430 F.3d 865, 868 (7th Cir. 2005). Specifically, obesity may interact with degenerative disc disease and may make actions more painful than it would be for a person who was either obese or suffering from degenerative disc disease but not both. *See id.* (citing *Barret v. Barnhart*, 355 F.3d 1065, 1068 (7th Cir. 2004)).

Similarly, the ALJ must consider Ms. Hensley's obesity in combination with her COPD. Obesity "commonly leads to, and often complicates, chronic diseases of the cardiovascular, respiratory, and musculoskeletal body systems." SSR 02-1p, 2002 SSR LEXIS 1 (Sept. 12, 2002). The ALJ omitted any consideration of the aggregate effects of Ms. Hensley's obesity on her depression and anxiety. "Obesity may also cause or contribute to mental impairments such as depression." SSR 02-01p, 2002 SSR LEXIS 1, 7 (Sept. 12, 2002) (stating "[t]he effects of obesity may be subtle, such as the loss of mental clarity and slowed reactions that may result from obesity-related sleep apnea").

The ALJ recognized obesity as a non-severe impairment yet didn't consider the effects of Ms. Hensley's obesity on her overall condition. *See Clifford*, 227 F.3d at 873. Since the ALJ did not consider her obesity, the case requires remand, *see Waletzko v. Saul*, 2019 U.S. Dist. LEXIS 206142, 9 (N.D. Ind. Nov. 27, 2019), unless the omission is harmless.

The Commissioner asserts that the ALJ's failure to discuss obesity is harmless for a number of reasons. First, the Commissioner claims the error is harmless because Ms. Hensley didn't explain

---

[1] On May 20, 2019, the Social Security Administration rescinded SSR 02-1p, 2002 SSR LEXIS 1 and replaced it with SSR 19-2p, 2019 SSR LEXIS 2. *See* SSR 19-2p(2), 2019 SSR LEXIS 2 (May 20, 2019). However, SSR 02-1p, 2002 SSR LEXIS 1 was the applicable rule at the time the ALJ issued his decision.

how her obesity affects her ability to work. *See Stephens v. Berryhill*, 888 F.3d 323, 328 (7th Cir. 2018). In *Stephens*, though, the ALJ discussed the claimant's obesity and its impact on the claimant's impairments. *See id.* The issue in *Stephens* was that the claimant failed to allege there were further limitations than the ALJ discussed in the decision. *Id.* That has not happened here; the ALJ didn't discuss how Ms. Hensley's obesity might affect her other impairments at all. Moreover, Ms. Hensley complained of pain and fatigue, symptoms that may be aggravated by her obesity in combination with her degenerative disc disease and COPD. The ALJ acknowledged this, noting that Ms. Hensley reported that "she cannot sit or stand for long periods of time, experiences numbness in her left leg and breathing difficulties" [ECF 14, 21]. Ms. Hensley also reported difficulty with lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and climbing stairs [*Id.*]. She alleged limitations potenitally affected by her obesity, which should have triggered then the ALJ's consideration.

The Commissioner also argues that the ALJ's error was harmless because of a second case, *Dornseif v. Astrue*, 499 Fed. Appx. 598, 600 (7th Cir. 2013). In *Dornseif*, the ALJ didn't recognize the claimant's obesity at all, and the claimant discussed her obesity for the first time on appeal. *Id.* However, here the ALJ recognized Ms. Hensley's obesity as a non-severe impairment. Once the ALJ acknowledged that Ms. Hensley suffered from obesity, even as a non-severe impairment, he was obligated to discuss how it would affect the RFC in combination with her other impairments. *See Clifford*, 227 F.3d at 873.

The Commissioner also asserts that the ALJ's error in considering Ms. Hensley's obesity was harmless because the ALJ indirectly took obesity into account by adopting limitations suggested by physicians who were aware of or discussed Ms. Hensley's obesity. *See Arnett v. Astrue*, 676 F.3d 586, 593 (7th Cir. 2012). An ALJ implicitly considers a claimant's obesity when "the ALJ demonstrate[s] that he reviewed the medical reports of the doctors familiar with the claimant's obesity." *Hernandez v. Astrue,* 277 Fed. Appx. 617, 624 (7th Cir. 2008). When it is unclear whether an ALJ implicitly

6

considered obesity, remand is appropriate. *See Waletzko*, 2019 U.S. Dist. LEXIS 206142, 9 (N.D. Ind. Nov. 27, 2019).

The Commissioner asserts that the ALJ relied on the opinions of the state agency medical consultants, who were aware of Ms. Hensley's obesity, so the error was harmless. While the state agency physicians acknowledged Ms. Hensley's BMI, they didn't at any point acknowledge her obesity diagnosis or demonstrate that they took her obesity into account. The ALJ provided these opinions substantial weight but found that additional records support additional manipulative limitations [ECF 14, 24-26]. The state agency physicians neither acknowledged obesity as an impairment, nor clearly considered Ms. Hensley's obesity when they formulated their RFCs. The ALJ then found that Ms. Hensley suffers from the non-severe impairment of obesity, which the state agency physicians didn't discuss. Because of this finding, the ALJ became obligated by regulation to consider Ms. Hensley's obesity in combination with her other impairments. He didn't do so here, so remand is appropriate.

Finally, Ms. Hensley asserts that the ALJ erred in analyzing her subjective symptom statements. An ALJ follows a two-step process to evaluate a claimant's subjective complaints. First, the ALJ determines whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms. 20 C.F.R. §§ 404.1529(a-b) & 416.929(a-b); SSR 16-3p, 2016 SSR LEXIS 4, 3 (Mar. 16, 2016). Second, once the existence of a medically determinable impairment that could reasonably be expected to produce the claimant's symptoms is established, the ALJ evaluates the intensity and persistence of the claimant's symptoms to determine the extent to which they impose work-related functional limitations. 20 C.F.R. §§ 404.1529(a) & 416.929(a). Because an ALJ is in the best position to evaluate the credibility of a witness, the ALJ's consideration of a claimant's symptom testimony is entitled to "special deference." *Powers v. Apfel*, 207 F.3d 431, 435 (7th Cir. 2000). If an ALJ's determination is grounded in the record and he articulates his analysis of the evidence "at least at a minimum level," *Ray v. Bowen*, 843 F.2d 998, 1002 (7th Cir.

1988) (citation omitted), creating "an accurate and logical bridge between the evidence and the result," *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citation omitted), his determination will be upheld unless it is "patently wrong," *Powers*, 207 F.3d at 435; *see also Ray v. Berryhill*, 915 F.3d 486, 490 (7th Cir. 2019) (it is a "rare case in which the claimant can overcome the 'considerable deference' [the court] afford[s] such findings unless they are 'patently wrong'") (quoting *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009)); *Carradine v. Barnhart*, 360 F.3d 751, 754 (7th Cir. 2004) (remanding an ALJ's consideration of a claimant's symptom testimony because the ALJ's decision was based on "serious errors in reasoning rather than merely the demeanor of the witness").

The Code of Federal Regulations lists many factors an ALJ should consider when evaluating a claimant's symptoms, including pain. *See* 20 C.F.R. § 416.929(c). These factors include the objective medical evidence; the claimant's prior work record; statements made by the claimant about her symptoms; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's symptoms; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of any medication taken for symptoms; treatment for symptoms (other than medication); and any other measures used to relieve symptoms. 20 C.F.R. § 416.929(c)(1-3).

First, Ms. Hensley argues that the ALJ used the wrong standard in discussing subjective symptoms. The ALJ stated that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" [ECF 14, 22]. Ms. Hensley argues that it is incorrect to require that her symptoms be "entirely" consistent with the medical evidence.

The correct standard to apply is whether a claimant's allegations "can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 416.929(a); *Minger v. Berryhill*, 307 F.Supp.3d 865, 871 (N.D. Ill. 2018). Some courts have found the ALJ's boilerplate problematic, *see id.*; *Bancolita v. Berryhill*, 312 F.Supp.3d 737, 744 (N.D. Ill. 2018), though others have

8

decided that the inclusion of such language alone doesn't necessitate remand, *see Giboyeaux v. Comm'r of Soc. Sec.,* 2020 U.S. Dist. LEXIS 14868, 11 (N.D. Ind. Jan. 9, 2020) (Collins, J.) (collecting cases); *see also Oliver v. Saul*, 2020 U.S. Dist. LEXIS 55894, 11 (N.D. Ind. Mar. 31, 2020) (Kolar, J.) ("This language is not necessarily fatal so long as the ALJ fully explains his decision and a 'commonsensical reading' of the entire decision suggests no error."). This court likewise falls within the latter camp, yet the ALJ made other errors in the subjective symptom determination here.

The ALJ discussed Ms. Hensley's subjective symptoms in one paragraph, wherein he went through Ms. Hensley's symptoms and contrasted them with objective medical evidence [ECF 14, 22-23]. The ALJ may not dismiss a claimant's statements based on objective evidence alone. *See* 20 C.F.R. § 404.1529; *Villano v. Astrue,* 556 F.3d 558, 562 (7th Cir. 2009) (ALJ may not discredit a claimant's subjective symptom testimony based solely on objective evidence). The ALJ didn't discuss the other factors listed in the regulations. He didn't consider the aggravating factor of Ms. Hensley's obesity. He didn't consider Ms. Hensley's daily activities and the manner in which she performs them. Ms. Hensley testified that her daughter had to clean her house and do her laundry for her [ECF 14, 62]. She testified that she struggled with paying bills, and that she made errors occasionally [*Id.*]. The ALJ didn't discuss or consider this testimony when analyzing her subjective symptoms.

The ALJ noted that Ms. Hensley reported requiring assistance with dressing, bathing, caring for her hair, getting out of bed, and toileting, and that she was incapable of cooking or doing housework, but he didn't analyze this evidence when considering her subjective symptoms [ECF 14, 21]. While the ALJ listed some of this evidence in his decision, he didn't adequately discuss it. Without any analysis of how subjective complaints or limitations in daily activities are either consistent or inconsistent with specific portions of evidence in the medical record, there is no "logical bridge" between the evidence and the ALJ's conclusion, also requiring remand. *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011) ("the ALJ must explain her decision in such a way that allows us to determine

whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record."). Simply acknowledging that Ms. Hensley has made statements regarding her limitations and subjective symptoms is not enough to constitute proper analysis of her symptoms. The ALJ didn't properly consider Ms. Hensley's subjective symptoms, and this error requires remand.

Ms. Hensley makes several other arguments regarding her physical and mental RFC, as well as errors in weighing medical opinion evidence. However, because the ALJ erred in analyzing Ms. Hensley's obesity in combination with her other impairments, and in analyzing her subjective symptoms, the court need not address these arguments. Proper analysis of these issues may alter the rest of the decision. On remand, the ALJ should properly analyze Ms. Hensley's obesity and discuss its effects on her other impairments, and properly analyze Ms. Hensley's subjective symptoms.

## CONCLUSION

The court finds that the ALJ erred in failing to properly analyze Ms. Hensley's obesity and its effects on her other impairments, as well as erred in analyzing her subjective symptoms. The court thus GRANTS Ms. Hensley's request for remand and REMANDS the Commissioner's decision.

SO ORDERED.

February 26, 2021  *s/ Damon R. Leichty*
Judge, United States District Court